GROVER LAWSON                                                                            PLAINTIFF

v.

TECHTRONIC INDUSTRIES NORTH AMERICA, INC.,
RYOBI TECHNOLOGIES, INC.,
RYOBI NORTH AMERICA, INC.,
LOWE'S HOME CENTERS, INC.,
RYOBI LIMITED, INC.
REXON INDUSTRIAL CORPORATION, LTD
RYOBI AMERICA, CORP.                                                                    DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendants, Techtronic Industries North America, Inc. and Ryobi Technologies, Inc.'s, Joint Motion for Judgment on the Pleadings (DN 56). The plaintiff, Grover Lawson, has filed a response (DN 58). Defendants have filed a reply (DN 59). This matter is now ripe for adjudication. For the following reasons, Defendants' motion is DENIED. Plaintiff is GRANTED leave to file a second amended complaint.

## BACKGROUND

Plaintiff, Grover Lawson, filed a complaint in state court on May 5, 2008, against Techtronic Industries, Inc., Ryobi Technologies, Inc. ("Defendants"), Ryobi North America, Inc., and Lowe's Home Center, Inc. ("Lowe's"). The action was removed to federal court on June 2, 2008. Recently, in an Amended Complaint, Ryobi Limited, Inc., Rexon Industrial Corporation, Ltd., and Ryobi America, Corp., were added as defendants in this action.

In his Amended Complaint, Plaintiff states that on or about May 12, 2007, he purchased a display model Ryobi saw. He alleges this saw was designed, manufactured and placed in the stream of commerce by each named defendant, excluding Lowe's. Plaintiff alleges that while using the saw

a bolt broke causing the blade to come loose, jerking the board backward and catching the Plaintiff's hand in the blade. Plaintiff alleges defendant Lowe's negligently and recklessly assembled the saw which allegedly led directly to the bolt breaking. Plaintiff alleges product liability claims under both negligent and strict liability theories.

Defendants now move the Court for judgment on the pleadings.

## STANDARD

After the pleadings are closed, a party may move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (quoting *Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir.1973)). Legal conclusions and unwarranted factual inferences need not be accepted as true. *JPMorgan*, 510 F.3d at 582 (citing *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)). "A Rule 12(c) motion 'is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.'" *Id.* (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir.1991)).

## DISCUSSION

Defendants argue that they are entitled to judgment as a matter of law as Plaintiff has failed to allege an essential element of strict liability: specifically, that the saw at issue reached Plaintiff without substantial change in the condition in which it is sold. Plaintiff argues that under the lenient notice pleading standard the defendants need only have notice of the claims alleged and the plaintiff

need not allege every element of the claim to provide sufficient notice. In the alternative, Plaintiff

asks the Court to grant leave to amend his complaint to include the omitted elements of the strict

product liability and negligence claims.

Kentucky has adopted the Restatement of Torts (Second) §402A which provides in pertinent

part:

> One who sells any product in a defective condition unreasonably dangerous to the
> user or consumer or to his property is subject to liability for physical harm thereby
> caused to the ultimate user or consumer, or to his property, if
> (a) the seller is engaged in the business of selling such a product, and
> (b) it is expected to and does reach the user or consumer without substantial change
> in the condition in which it is sold.

*Dealers Transport Co. v. Battery Distributing Co.*, 402 S.W.2d 441, 446-47 (Ky. 1965). Therefore,

in any product liability case in Kentucky, the plaintiff bears the burden of proving that the product

which allegedly caused his injury reached him without substantial change in the condition in which

it was sold. *See Monsanto Co. v. Reed*, 950 S.W.2d 811, 814 (Ky. 1997). In fact, "it has long been

the law of this Commonwealth that a manufacturer is not liable when the injuries result from the

mutilation or alteration of the chattel. Such intervening conduct severs any causal connection

between the product and the injury." *Id.* (citing *Collins Company v. Rowe*, 428 S.W.2d 194, 199 (Ky.

1968)). This is a necessary element of both strict liability and negligence theories in product

liability cases. *Id.* at 815.

Defendants assert that, after taking all Plaintiff's allegations as true, Plaintiff has not pled

that the table saw at issue reached Plaintiff without substantial change in the condition it was sold

or distributed by Defendants. Defendants contend that Plaintiff has expressly pled the opposite by

alleging that defendant Lowe's negligently assembled the saw and that this negligence directly led

to the nut breaking allegedly causing Plaintiff's purported injuries.

Plaintiff acknowledges that he bears the burden of showing the saw reached him without substantial change in the condition in which it was sold; however, Plaintiff contends that not every element of a claim must be alleged in order to survive a judgment on the pleadings. Plaintiff relies heavily on the notice pleading rules set forth in part in Federal Rule of Civil Procedure 8.

Rule 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). Rule 8 further directs that "[e]ach allegation must be simple, concise, and direct. [However,] [n]o technical form is required." Fed. R. Civ. Pro. 8(d)(1). Plaintiff also cites *Swierkiewicz v. Sorema N.A.*, where the Supreme Court held that a complaint need only put a party on notice of the claim being asserted against it. 534 U.S. 506, 508 (2002). Plaintiff, as noted by Defendants, overlooks the Supreme Court's recent precedent which more specifically defined the notice pleading requirements. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twobly*, 550 U.S. 544 (2007).

In *Twombly*, the Court maintained that a plaintiff must allege sufficient factual allegations to give the defendant fair notice concerning the nature of the claim and the grounds upon which it rests. 550 U.S. at 555. However, the Court also held that the "[f]actual allegations in the complaint must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted). "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal citations omitted). Stated another way, there must be "enough facts to raise a reasonable expectation that discovery will reveal evidence." *Id.* at 556.

4

*Iqbal* affirmed the Court's ruling in *Twombly* finding "the pleading standard Rule 8 announces does not require 'detailed factual allegations but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" 129 S. Ct. at 1949 (internal citations omitted). The Court went on to say,

> A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement. . . . .[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (internal citations and quotation marks omitted).

The Court in *Iqbal* established a two prong approach: first, the court must accept as true all of the allegations contained in the complaint excepting legal conclusions and second, only a complaint that states a plausible claim for relief will survive a motion to dismiss. *Id.* At 1949-50. The Court explained the first prong stating,

> Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.

*Id.* at 1950 (internal citations omitted). As to the second prong, the Court stated,

> Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not shown-that the pleader is entitled to relief.

*Id.* (internal citations and quotation marks omitted).

Although the Supreme Court did not explicitly hold that each element of a claim must be alleged, the Court did state that a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (2007). Failure to allege an element of a claim alone may be insufficient to warrant an order of dismissal when the Court or parties are able to infer the element from the facts provided. However, a claim to relief cannot be plausible if an essential element of the claim is not alleged in any discernable way in the pleadings.

The Court finds that Plaintiff's Amended Complaint contains no allegation that the saw reached Plaintiff in substantially the same condition as when it was sold or distributed by Defendants. Nor can this element be inferred from the facts and allegations provided in the Amended Complaint. In fact, Plaintiff has specifically alleged to the contrary by asserting defendant Lowe's acted negligently when assembling the saw and that this negligence caused Plaintiff's injuries. Plaintiff's Amended Complaint fails to include enough facts to state a claim of relief that is plausible on its face. Based on the precedent set forth by the Supreme Court, the Court believes Defendant is entitled to judgment as a matter of law as to Counts I, II, III, and IV of Plaintiff's Amended Complaint as it stands.

However, Plaintiff has moved this Court to grant Plaintiff leave to amend his complaint to correct any error in pleading. The Court believes it is appropriate at this time, in the interest of justice, to allow Plaintiff to amend his Amended Complaint. The Court notes Rule 8 provides for alternative theories, even those which are inconsistent, to be pled.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED Defendants' Motion for Judgment

on the Pleadings is DENIED.  Plaintiff is GRANTED leave to file a second amended complaint.