# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CASE NO.: 5:08-CV-00093-TBR

**GROVER LAWSON**                                                                                **PLAINTIFF**

v.

**TECHTRONIC INDUSTRIES NORTH AMERICA, INC.,
RYOBI TECHNOLOGIES, INC.,
RYOBI NORTH AMERICA, INC.,
LOWE'S HOME CENTERS, INC.,
RYOBI LIMITED, INC.
REXON INDUSTRIAL CORPORATION, LTD
RYOBI AMERICA, CORP.**                                                                      **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon the defendant's, Ryobi Ltd., Motion to Dismiss (DN 73). The plaintiff, Grover Lawson, has filed a response (DN 75). Defendant has filed a reply (DN 76). This matter is now ripe for adjudication. For the following reasons, Defendant's motion is DENIED.

## BACKGROUND

Plaintiff, Grover Lawson, filed a complaint in state court on May 5, 2008, against Techtronic Industries, Inc., Ryobi Technologies, Inc., Ryobi North America, Inc., and Lowe's Home Center, Inc. ("Lowe's"). The action was removed to federal court on June 2, 2008. In an Amended Complaint, Ryobi Limited, Inc., Rexon Industrial Corporation, Ltd., and Ryobi America, Corp., were added as defendants in this action.

In his Second Amended Complaint, Plaintiff states that on or about May 12, 2007, he purchased a display model Ryobi saw from Lowe's. He alleges this saw was designed, manufactured and placed in the stream of commerce by each named defendant, excluding Lowe's. Plaintiff alleges that while using the saw a bolt broke causing the blade to come loose, jerking the board backward

and catching the Plaintiff's hand in the blade. Plaintiff alleges defendant Lowe's negligently and recklessly assembled the saw which allegedly led directly to the bolt breaking. Plaintiff alleges product liability claims under both negligence and strict liability theories.

Defendant Ryobi, Ltd., allegedly does business only in Japan. Any business transacted by Ryobi brands in North America was, prior to 2001, allegedly handled by Ryobi, Ltd., subsidiaries. Some or all of these subsidiaries are allegedly no longer in business. Part or all of the reason the subsidiaries are no longer transacting business is due to a sale of assets of various Ryobi brands to defendant Techtronic Industries. While acquiring various North American assets and rights, the sale to Techtronic allegedly specifically disclaimed any assumption of liabilities by Techtronic that arose prior to the sale or arose after the sale as a result of products manufactured prior to the sale. It is unclear what part Ryobi, Ltd., played in either the sale of assets or later dissolution of the subsidiaries.

Defendant Ryobi, Ltd., has filed a motion to dismiss on the grounds that (1) this Court lacks personal jurisdiction and (2) the statute of limitations has run on the action because Ryobi, Ltd., was added to the complaint after the relevant statute of limitations had run.

## DISCUSSION

The issue of personal jurisdiction will be considered first, followed by the statute of limitations issue.

### I. Personal Jurisdiction

A motion to dismiss for lack of personal jurisdiction is handled differently by the Sixth Circuit than a standard motion to dismiss. Accordingly, the appropriate standard for this portion of the motion to dismiss will be discussed, follow by an analysis of personal jurisdiction applying the

2

appropriate standard.

## A. Motion to Dismiss Standard

A motion to dismiss for lack of personal jurisdiction can be resolved either on the affidavits or after an evidentiary hearing. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). When relying on affidavits rather than holding an evidentiary hearing, the facts are viewed in the light most favorable to the plaintiff. *Id.* In addition, a plaintiff need only make a "*prima facie* showing that personal jurisdiction exists in order to defeat dismissal." *Id.* While a motion to dismiss would normally be converted to a motion for summary judgment by asking the court to consider additional documents, a 12(b)(2) motion "mirrors in some respects the procedural treatment given to a motion for summary judgment." *Theunissen*, 935 F.2d at 1459. Along those lines, in the face of a properly supported motion for dismissal, the plaintiff may not "stand on his pleadings, but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Id.* at 1458. Accordingly, in *Theunissen*, when the defendant supported his motion to dismiss with affidavits, the plaintiff was required to respond accordingly rather than rest on his pleadings. *Id.* Unlike a motion for summary judgment, though, a court may not "weigh the controverting assertion[;]" rather, if facts proffered by the defendant conflict with those offered by the plaintiff, a district court does not consider them. *Id. at 1459; Aristech Chem. Int'l Ltd. v. Acrylic Fabricators Ltd.*, 138 F.3d 624, 626 (6th Cir. 1998).

## B. Analysis

Personal jurisdiction Due Process requirements can be met if (1) the Defendant is domiciled in the jurisdiction, (2) the Defendant has been served in the jurisdiction, (3) events giving rise to the cause of action occurred in the jurisdiction, or (4) the Defendant maintains continuous and

3

systematic contacts with the jurisdiction. *Burnham v. Superior Court of California, County of Marin*, 495 U.S. 604, 611 (1990) (personal jurisdiction with personal service); *Milliken v. Meyer*, 311 U.S. 457, 462-63 (1940) (personal jurisdiction if there is domicile); *Aristech Chem. Int'l Ltd.*, 138 F.3d at 627-28 (courts have "general jurisdiction" over a defendant who "has continuous and systematic contacts with the forum state sufficient to justify the state's exercise of judicial power with respect to any and all claims" and "specific jurisdiction" over "claims that arise out of or relate to a defendant's contacts with the forum."). Since this is a diversity action, Kentucky personal jurisdictional requirements must be applied before looking to the Due Process requirements. *Theunissen*, 935 F.2d at 1459. However, Kentucky courts have construed the Kentucky long arm statute to "reach to the full constitutional limits of due process in entertaining jurisdiction over non-resident defendants." *Wilson v. Case*, 85 S.W.3d 589, 592 (Ky. 2002). Accordingly, "the traditional two step approach of testing jurisdiction against first statutory and then constitutional standards is therefore collapsed into the single inquiry of whether jurisdiction offends constitutional due process." *Id.*

In the instant case, the first and second grounds of jurisdiction are not relevant. Accordingly, jurisdiction is only appropriate over Ryobi, Ltd., if there is enough evidence to establish either 'general' or 'specific' jurisdiction. *Aristech Chem. Int'l Ltd.,* 138 F.3d at 627-28. Specific jurisdiction requires 'minimum contacts' and evidence that the Defendant "transacts any business" in Kentucky. *Kattula v. Jade*, No. 5:07-cv-52, 2007 WL 1695669 at *4 (W.D.Ky June 08, 2007) (citing *Lanier v. Am. Bd. Of Edodontics*, 843 F.2d 901, 906 (6th Cir. 1997)). To evaluate 'minimum contacts' in Kentucky, a court must ask: "(1) has the defendant purposely availed itself of the privilege of acting within this Commonwealth; (2) did the cause of action arise from the defendant's

activity; and (3) does there exist a substantial enough connection to the Commonwealth to make jurisdiction over the defendant reasonable?" *Id.* at *3 (citing *Franklin Roofing, Inc. v. Eagle Roofing*, 61. S.W.3d 239, 241 (Ky.App. 2001). General jurisdiction requires something more than minimum contacts - it requires a showing that a defendant has "continuous and systematic" contacts with a jurisdiction. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984).

Plaintiff alleges that the saw in question was manufactured 'at the behest' of Ryobi, Ltd. While the Plaintiff has provided no support to show that the saw was manufactured 'at the behest' of Ryobi, Ltd., as opposed to one of Ryobi, Ltd.'s, North American subsidiaries, because Ryobi, Ltd., has not filed a properly supported motion Plaintiff is not required to move from his pleadings. Plaintiff also alleges that Defendant "has maintained commercial relationships with distributors and retailers in Kentucky, for the specific purpose of selling its products to Kentucky residents." These two allegations are clearly sufficient to demonstrate that Ryobi, Ltd., purposely availed itself of the privilege of acting within Kentucky. In addition, as alleged, the causes of action arose from Ryobi, Ltd.'s, activities and there is a substantial enough connection to Kentucky to make jurisdiction reasonable based on the pleadings. Accordingly, Plaintiff has demonstrated minimum contacts. As alleged, Ryobi, Ltd., also transacts business within Kentucky, which fulfills the final requirement for personal jurisdiction.

Should Ryobi, Ltd., raise the issue of personal jurisdiction again after additional discovery multiple issues will add complexity to this case. It is unclear who maintained liability for the manufacture of tools prior to July 31, 2000. Techtronic Industries Co., Ltd., ("Techtronic Industries") claims that their acquisitions from Ryobi, Ltd., and any associated subsidiaries did not include any assumption of personal injury or other liability. Since the North American subsidiaries

are 'now-defunct' and Ryobi, Ltd., asserts that this Court lacks personal jurisdiction over it, it may be arguable that Ryobi, Ltd., and its subsidiaries positioned themselves to avoid any liability from North American sales while possibly reaping the benefits of their previous profits and their sale of assets to Techtronic. The Sixth Circuit previously addressed a similar issue in *Perry Drug Stores v. CSK Auto Co.*, 93 Fed. Appx. 677 (2003). In that case, a company dissolved a subsidiary and assumed all of its assets subject to all of its liabilities. *Id.* at 679. The only issue in that case was "whether jurisdiction [could] be extended to [the defendant,] a foreign corporation which has no contacts with [the forum state] . . . but which took all of the assets of [a subsidiary,] a corporation subject to [the forum's] jurisdiction." *Id.* at 680-81. In that case, the court concluded that it could; however, the holding was based on the fact that the parent "expressly assumed all of [the subsidiary's] liability at [the subsidiary's] dissolution, availing itself of the privilege of conducting activities in [the forum.]" *Id.* In the current case, it is unclear what procedural mechanisms were involved in the dissolution of the North American subsidiaries, but anything similar could give this Court jurisdiction. Furthermore, in dicta, the Sixth Circuit said that, "from a policy standpoint, . . . a contrary result would allow corporations to immunize themselves by formalistically changing their titles." *Id.* (citing *Duris v. Erato Shipping, Inc.,* 684 F.2d 352, 356 (6th Cir. 1982)) (internal quotations omitted). In the current case, it appears that Plaintiff is arguing that Ryobi, Ltd., is trying just that - by selling their assets and then dissolving their North American subsidiaries, they hope to gain immunity by "formalistically changing their titles."

However, neither side has made clear how all of the Defendant entities relate in the current action. As best this Court can tell, Ryobi, Ltd., is the parent company of multiple companies doing business in North America generally and Kentucky specifically. Neither side has disputed that the

6

corporations doing business in Kentucky are (or were, during their corporate existence) subject to jurisdiction here. The general rule is that "a foreign parent corporations is not subject to the jurisdiction of a forum state merely because a subsidiary is doing business there." 36 C.J.S., Fed. Courts § 32 (2010); *Cannon Mfg. Co. v. Cudahy Packing Co.*, 267 U.S. 333 (1925). When looking at whether a subsidiary's actions can create jurisdiction over a parent, "an analytical rather than a mechanical or formalistic approach is appropriate[.]" *Velandra v. Regie Nationale des Usines Renault*, 336 F.2d 292, 297 n. 21 (6th Cir. 1964). Courts can consider various factors when determining jurisdiction over a parent, such as ownership or control of the subsidiary or sale of the parent's product by the subsidiary in the jurisdiction in question. *Id.* A court should also, of course, consider any contacts the parent company has directly with the forum. However, nothing has been provided to demonstrate the relationship or level of control between Ryobi America, Ryobi North America and Ryobi, Ltd. Nothing has been provided that shows what contacts Ryobi, Ltd., itself had with Kentucky both before, during and after the sale of assets and dissolution of its North American subsidiaries. Even if Ryobi, Ltd., allowed its North American subsidiaries to run as independent businesses during their corporate lives, the involvement that Ryobi, Ltd., had in the sale and dissolution of its North American subsidiaries may demonstrate the kind of control and contacts necessary for personal jurisdiction.

Regardless, the pleadings are sufficient to establish personal jurisdiction at this time. While Ryobi, Ltd., has called into question a number of the pleadings, Ryobi, Ltd.'s, motion did not contain proper support such that Plaintiff may no longer rest on his own pleadings. Discovery should continue so that this Court can properly resolve its jurisdiction over Ryobi, Ltd., on the evidence as early as possible. An appropriate discovery time line will be discussed at the telephonic

conference of September 30th.

## II. Statute of Limitations

The next issue that needs to be resolved is whether the statute of limitations ran before Ryobi, Ltd., was brought into the current action. It is undisputed that the Second Amended Complaint was filed well after the statute of limitations had expired. Accordingly, the ability of the Second Amended Complaint to 'relate back' to the original complaint is dispositive of the statute of limitations issue.

### A. Governing Law

Both Kentucky and Federal procedure address the idea of 'relation back.' While the procedures are largely the same, there is one important difference that could prove important to this case. Accordingly, the issue of governing law must be resolved.

Kentucky Rules of Civil Procedure Rule 15.03 governs relation back of amendments. Under 15.03, a party must receive "such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits" within the period "provided by law for commencing the action against him[.]" Since the original complaint was filed 4 days before the statute of limitations expired, Ryobi, Ltd., would have needed to receive notice in that time.

Federal Rules of Civil Procedure Rule 15(c) governs relation back of amendments. Under Rule 15(c)(1)(C), a party must receive such "notice of the action that it will not be prejudiced in defending on the merits" within "the period provided by Rule 4(m)" for service. Rule 4(m) provides 120 days from the filing of the complaint to complete service. Accordingly, under the Federal Rules, Ryobi, Ltd., would need only receive notice within 120 days from the filing of the complaint, rather than within 4.

8

"Rule 15(c) is a truly procedural rule because it governs the in-court dispute resolution processes rather than the dispute that brought the parties into court." *DeLong v. Arms*, 251 F.R.D. 253, 256 (E.D.Ky. 2008) (citing *Johansen v. E.I. DuPont De Nemours & Co.*, 810 F.2d 1377, 1380 (5th Cir. 1987)). As a purely procedural rule, a "federal diversity court is required to apply the federal rule [15(c)] unless application of the federal rule violates the Rules Enabling Act or the Constitution." *Id.* (Internal editing marks omitted). Rule 15(c) "does not transgress the Rules Enabling Act." *Id.* In addition, the Federal Rules of Civil Procedure themselves reinforce that they apply in this instance. Fed.R.Civ.P 81(c) ("These rules apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal."); *see also Pac. Emp'rs Ins. Co. v. Sav-A-Lot of Winchester*, 291 F.3d 392 (6th Cir. 2002). Accordingly, Federal Rule 15(c) governs the 'relation back' procedures in the current case.

## B. Application

Rule 15(c) requires that, for relation back, the amended complaint is related to the same "conduct, transaction or occurrences set out . . . in the original pleading[,]" and, within 120 days from the filing of the original complaint, the new party has "received such notice of the action that it will not be prejudiced in defending on the merits; and knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed.R.Civ.P. 15(c). The complaints against the additional parties arises from the exact same occurrences set out in the original pleading. While the Defendant states that the mistake requirement is not met because it was never alleged by the Plaintiff, it seems clear that, but for Plaintiff's mistaken belief that Techtronic Industries was liable for injuries caused by Ryobi Brand tools, Ryobi, Ltd., would have been named as a Defendant in the current action from the outset. In

9

addition, given that Ryobi, Ltd., knew or should have known that the agreement selling assets from Ryobi, Ltd., subsidiaries to Techtronic Industries did not include any liabilities, Ryobi, Ltd., should have known that it was the proper party but for a mistake. The first two requirements for 'relation back' are met.

Whether Ryobi, Ltd., received notice within the required 120 days is less clear. Plaintiff has submitted a deposition stating that Techtronic Industries referred the case to Ryobi, Ltd., at some point after being served. The deposition does not mention the date of said referral. In addition, Plaintiff has submitted a letter that shows that Lowe's referred the matter to a Ryobi, Ltd., subsidiary, but this letter, dated May 13, 2009, seems to be after the 120 days allowed. On the other hand, the Defendant has not established, by affidavit or otherwise, that no notice was received within 120 days. Accordingly, the factual record has not been sufficiently developed to allow resolution of this issue and this Court is further hindered by the briefs revolving around the application of the Kentucky Rules of Civil Procedure rather than the Federal Rules. Given this Courts determination that the Federal Rules of Civil Procedure apply to the current case, additional discovery and briefing are necessary so that any decision this Court makes will be fully informed.

## CONCLUSION

On the pleadings, Plaintiff has alleged facts sufficient to establish personal jurisdiction. Given the unique posture of the case, should this issue arise again, additional information on the relation of the various Ryobi entities and information on the level of involvement of Ryobi, Ltd., in its subsidiaries' affairs prior to, during, and after the sale of assets and dissolution would be important. The amount of contact Ryobi, Ltd., had directly with Kentucky would also be important.

The appropriate information and briefing required to resolve the notice requirement of Rule

15(c) are not before this Court. In their briefs, both parties discussed the ability of the Second Amended Complaint to 'relate back' to the original Complaint on the assumption that Kentucky Rule 15.03 applies. However, this Court has determined that application of the Kentucky rule would be incorrect. Accordingly, additional discovery and briefing are necessary for this Court to make a fully informed decision on whether Ryobi, Ltd., received notice within the 120 days allowed under the Federal rules as opposed to the 4 days allowed under the Kentucky rules.

For the above reasons, the Motion to Dismiss is DENIED. An appropriate discovery schedule will be established at the telephonic conference to be held this Thursday, September 30th.